IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-11094
Summary Calendar

_____

LORETTA ANDERSON,

Plaintiff-Appellant,

versus

CITY OF DALLAS,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:95-CV-1962-P)

_____

March 19, 1997

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Loretta Anderson (Anderson) appeals the district court's summary judgment dismissal of her suit against defendant-appellee City of Dallas (the City) based on alleged race and gender discrimination and retaliation contrary to Title VII and age discrimination contrary to the Age Discrimination in Employment Act in denial of three promotions in 1993 and one promotion in 1994.

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In its well-considered memorandum opinion, the district court held that Anderson's claims as to the 1993 promotions were time barred because the promotions occurred and she knew she had not been promoted, and who had been, not later than August 12, 1993; but she did not file her EEOC charge until February 24, 1995. The district court alternatively held that the EEOC charge did not encompass these promotions, as it related only to the 1994 promotion. Finally, the district court held that in any event Anderson had not produced adequate summary judgment evidence to sustain a finding that the City's reasons for not selecting Anderson for the 1993 positions, as reflected in its summary judgment evidence, were pretextual. As to the 1994 promotion, the district court held that Anderson had not produced adequate summary judgment evidence to sustain a finding that the City's reason for not selecting Anderson—that of the four eligible applicants she scored lowest on the tests administered for the purpose of selecting the person to be promoted, while the individual who was then promoted had by far the highest score—was pretextual.

In her appeal, Anderson has demonstrated no reversible error in the district court's judgment. To begin with, Anderson's brief is largely lacking in record citations, contrary to Fifth Circuit Rule 28.2.3. Moreover, several of its contentions are only stated in wholly conclusory form, without supporting explanation, factual particulars, or legal argument, contrary to Fed. R. App. P. 28(a)(6). This is true, for example, of her contentions that the summary judgment evidence shows that the City "is either equitably

2

estopped from asserting that the claims are time barred or that the limitations was equitably tolled." *See, e.g., Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995). Anderson's *pro se* status counsels indulgence, but does not justify such extensive departure from the briefing rules. *Ingle*.

In any event, no reversible error is shown, and we affirm essentially for the reasons given by the district court.

We note that Anderson did not raise her continuing violation theory below so it is not available for her on appeal, *see Savers Federal Savings & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Further, complaint that another is chosen for a particular promotion position instead of the plaintiff does not invoke the continuing violation theory, because the promotion decision is one having "the degree of permanence . . . which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate." *Berry v. Board of Supervisors*, 715 F.2d 971, 981 (5th Cir. 1983), *cert. denied*, 107 S.Ct. 232 (1986). Moreover, the Title VII limitations period commences to run at least when the plaintiff knows that she has not been selected and that one outside of the protected class has been, not when plaintiff "first perceives that a discriminatory motive caused the act." *Merrill v. Southern Methodist University*, 806 F.2d 600, 605 (5th Cir. 1986). *See also Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992); *Chapman v. Homco, Inc*., 886 F.2d 756, 758 (5th Cir. 1989).

That a position having a vacancy in which Anderson initially expressed interest was upgraded more than two years later, and that an upgrade had long previously unsuccessfully been sought, would not support a finding of intentional concealment of facts giving rise to the claim so as to establish equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). That is particularly so as there is no evidence of any inquiry in this respect by Anderson or of any misleading by the City, nor of any reliance by Anderson, nor of any then knowledge by Anderson's supervisor that the upgrade would likely take place over two years later. And, that an upgrade had been requested is not a fact tending to establish discrimination, there being no evidence or assertion that any others who inquired about or applied for the job were furnished or had information as to a possible future upgrade which Anderson was not furnished and did not have. Anderson has demonstrated no basis for equitable tolling as to any of the 1993 promotions.

Finally, as the district court held, Anderson has not produced evidence which would sustain a finding that the City's reasons for any of its challenged promotion decisions were pretextual.

The judgment of the district court is

                                        AFFIRMED.

4